# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1173

_____

United States of America,     *
                                *

             Appellee,      *     Appeal from the United States
                                *     District Court for the Western

    v.                              *     District of Missouri.
                                *

John J. Torre,                   *        [UNPUBLISHED]
                                *

            Appellant.     *

_____

Submitted: September 16, 1999
Filed: September 22, 1999

_____

Before BEAM and FAGG, Circuit Judges, and BOGUE,* District Judge.

_____

PER CURIAM.

      While in pursuit of a fleeing suspect, police entered a private home where they detected a chemical odor and other signs of methamphetamine manufacture. After securing a search warrant, the officers discovered a methamphetamine laboratory and arrested the house's occupants, including Charles J. Dunne, Kent E. Byrom, Steven C. McDonald, Chad Schlag, and John J. Torre. Schlag died from methamphetamine ingestion three hours after his arrest. Torre was later found guilty of attempt to

_____

*The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

manufacture methamphetamine and was sentenced to 312 months in prison. Torre appeals his conviction and sentence. We affirm.

Torre first challenges the sufficiency of the evidence supporting his conviction. We review the evidence in the light most favorable to the government and reverse only if no reasonable jury could have found the defendant guilty. See United States v. Wagner, 884 F.2d 1090, 1096 (8th Cir. 1989). Torre asserts he was not adequately identified at trial. We disagree. Four witnesses and defense counsel identified Torre and referred to him during the trial, and thus, the jury could infer Torre's identity as the person who committed the acts charged. See United States v. Capozzi, 883 F.2d 608, 617 (8th Cir. 1989). Torre also asserts the evidence failed to show he took a substantial step toward manufacturing methamphetamine, a necessary element of attempt to manufacture. Again, we disagree. Codefendant Dunne testified that during the week before the arrests Torre contributed items, including acetone and equipment, to the laboratory for use in manufacturing methamphetamine. Dunne also testified that methamphetamine was made three or four times that week, and Torre was present in the laboratory on one of those occasions. On the day of the arrests, Torre drove his codefendants to six stores to purchase items used to make methamphetamine. Police later found the items in the laboratory and a list of those items in Torre's possession. Given this evidence, we conclude a reasonable jury could find Torre took substantial steps toward the manufacture of methamphetamine. See Wagner, 884 F.2d at 1096-97; United States v. Mazzella, 768 F.2d 235, 239-40 (8th Cir. 1985).

Torre next claims Schlag's death did not result from the use of drugs manufactured during Torre's involvement, so the minimum 20-year sentence required by 21 U.S.C. § 841(b)(1)(A) and U.S.S.G. § 2D1.1(a)(2) is not applicable. The district court found by a preponderance of the evidence that Torre intended to manufacture methamphetamine, Torre's efforts led to the production of methamphetamine, and the methamphetamine that caused Schlag's death was reasonably attributable to Torre's actions. These findings are not clearly erroneous. See United States v. Snoddy, 139

F.3d 1224, 1226-27 (8th Cir. 1998) (standard of review). We also reject Torre's argument that the district court should have used a higher standard of proof in making those findings. See United States v. Alvarez, 168 F.3d 1084, 1088 (8th Cir. 1999).

Torre last contends the district court erroneously denied his motion to sequester a witness. Again, we disagree. The district court properly declined to sequester the case agent assisting the government. See United States v. Holmes, 594 F.2d 1167, 1172-73 (8th Cir. 1979); Fed. R. Evid. 615. We have also reviewed Torre's pro se arguments and conclude they are without merit.

We thus affirm Torre's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.